## NATIONAL LABOR RELATIONS BOARD v. PIEDMONT COTTON MILLS.

No. 12864.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

Charles A. Kyle, Atty., National Labor Relations Board, New Orleans, La., A. Norman Somers, Asst. Gen. Counsel, N.L. R.B., and David P. Findling Assoc. Gen. Counsel, Washington, D. C., for petitioner.

John Wesley Weekes and Murphey Candler, Jr., Decatur, Ga., for respondent.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

PER CURIAM.

This court having directed respondent and T. W. Tift to answer the petition of National Labor Relations Board filed herein on August 15, 1952, adjudging the respondents in civil contempt of court for failing and refusing to comply with the decree of the court entered herein on March 10, 1950, by: (1) failing and refusing to bargain in good faith with Textile Workers of America; (2) by discriminatorily discharging one Pittman; and (3) by interfering with, restraining, and coercing its employees by unilaterally increasing their wages and privileges; the respondents answered and joined issue with the charges by denying them generally and specifically. Thereafter the court, on January 12, 1953, directed respondents and the union to resume bargaining negotiations for the purpose of arriving at a collective bargaining agreement if possible.

Within the time fixed by, and in accordance with, the directions of the court, the bargaining negotiations ordered were be-

gun and carried on in good faith until both bargainers had reached the conclusion and had declared that an agreement could not be reached.

Thereafter the Board, no longer insisting upon its claim that the respondents were in contempt of court in respect of failing and refusing to bargain, but insisting that, under the showing made by the petition and accompanying affidavits, respondents were in contempt in respect of the discharge of Pittman and their unilateral action in raising wages and changing the company's vacation plan, urged upon us that respondents have not effectively sworn away the charges made against them and should be adjudged in civil contempt in respect of these matters, and appropriate relief awarded.

The respondents, on their part, resisting the petitioner's demands and pointing to the showing made by them in their answer and exhibits, insist: that there is no basis in this record for an adjudication in contempt and that they should be absolved of, and stand discharged as to, all the charges.

We agree. The petition for the adjudication in contempt will, therefore, be denied, and the respondents will stand discharged from the rule to show cause why they should not be adjudged in contempt.